IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

S. U.,
    **Plaintiff,**

v.                                             Case No.:  3:17-cv-02366

C. J.,
    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On April 17, 2017, Plaintiff filed a *pro se* Complaint; an Application to Proceed Without Prepayment of Fees and Costs under 28 U.S.C. § 1915(a); a Motion to Seal; an Emergency Motion to Place Children with Biologic Parent; a Motion for Sole Custody of IVF Children; and a Motion for Joint Custody of Shared Child. (ECF Nos. 1, 2, 3, 4). Pending is the undersigned's initial review of the Complaint to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). If any of these circumstances exist, the statute requires dismissal of the Complaint. *Id.*

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED**, with

prejudice, for lack of subject matter jurisdiction; the pending application and motions be **DENIED**; and this action be **REMOVED** from the docket of the court.

I.   <u>Relevant Facts</u>

Plaintiff files this complaint against C. J., a woman with whom Plaintiff has four children pursuant to a surrogacy agreement. According to the complaint, the first child is the biological progeny of both parties, while the remaining three children carry "genetic material from an anonymous donor" and Plaintiff. (ECF No. 2 at 4). Beginning in 2016, the relationship between Plaintiff and C. J. disintegrated, culminating in the parties filing a series of petitions against each other in the Circuit Court of Mason County, West Virginia; the Circuit Court of Kanawha County, West Virginia; and the Family Court of Mason County, West Virginia (officially designated as the Fifth Family Court Circuit). (ECF No. 2). The actions were ultimately consolidated, and because they involved the custody of the parties' four children, were transferred to the Family Court of Mason County.

On December 6, 2016, the Family Court of Mason County held a hearing on various motions and petitions. The Court awarded primary custody of two of the children to C. J., as well as secondary custody of a third child. The Family Court also ordered Plaintiff to undergo a psychological evaluation for parental fitness. Plaintiff contends that the decisions made by the Family Court were based upon an incorrect belief that C. J. was the biological mother of the three children and upon incorrect application of the law. Plaintiff further complains that C. J. has now moved with the children to Gilmer County, West Virginia, causing Plaintiff to drive 2.5 hours to visit his children.

Plaintiff asserts nine counts against C. J., including breach of contract, fraud, negligent misrepresentation, unjust enrichment, promissory estoppel, equitable estoppel,

anticipatory breach, violation of due process under the United States Constitution, and intentional infliction of emotional distress. Plaintiff asks this Court to grant him the following relief:

> 1. Immediate sole residential and legal custody of the three children who are not C. J.'s biological children;
>
> 2. Corrected birth certificates removing C. J. as the parent of those three children;
>
> 3. Corrected birth certificates changing the names of the last two children to the names selected by Plaintiff;
>
> 4. Shared custody of the biological child of both parties, unless C. J. refuses to return to Mason County. In that event, award residential and legal custody of the child to Plaintiff;
>
> 5. An award of monetary damages to Plaintiff;
>
> 6. An award of attorney's fees and costs to Plaintiff; and
>
> 7. An order sealing the record to protect the rights of the minor children and Plaintiff.

(ECF No. 2).

## II. Discussion

Subject matter jurisdiction in the United States district courts exists when a "federal question" is presented, or when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, "[a] district court has 'an independent

obligation to determine whether subject matter jurisdiction exists, even when no party challenges it.'" *Greene v. Joyner,* No. JFM-17-688, 2017 WL 1194175, at *2 (D. Md. Mar. 30, 2017). Whether this Court has jurisdiction depends upon the allegations contained in the complaint. *See Pinkley,* 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936) (holding "the party who seeks the exercise of jurisdiction in his favor ... must allege in his pleadings the facts essential to show jurisdiction")). If the allegations fail to establish subject matter jurisdiction, the Court must dismiss the action. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("As we have recognized, a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction.").

In the instant action, Plaintiff fails to allege facts demonstrating subject matter jurisdiction in the federal district court. Plaintiff and Defendant are residents of the same state—West Virginia—consequently, there is no diversity of citizenship. Moreover, the allegations in the complaint do not raise a federal question. Although Plaintiff claims a violation of his right to due process, which arguably could state a federal constitutional ground prosecutable through a complaint filed pursuant to 42 U.S.C. § 1983, the complaint lacks any factual basis upon which to conclude that C. J. is a state actor.[1] Indeed, to the contrary, Plaintiff asserts that he and C. J. entered into a "private

---

[1] 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." *Monroe v. Pape,* 365 U.S. 167, 171-172 (1961). In order to state a *prima facie* claim under 42 U.S.C. § 1983, a plaintiff must present facts showing that: (1) a person (the defendant) deprived him of a federally protected civil right, privilege or immunity and (2) that the defendant did so under color of State law. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, * 4 (D.S.C. Sept. 8, 2010); *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Section 1983, on the other hand, does not provide a vehicle by which to assert a claim based upon alleged constitutional deprivations by private, nongovernmental actors. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

consensual arrangement" designed to satisfy their own personal desires to be parents. "Generally, private parties are not subject to liability under 42 U.S.C. § 1983, because they do not act "under color of state law." *Edmond v. Maher*, No. CIV.A. DKC-07-2883, 2007 WL 5391046, at *2 (D. Md. Nov. 13, 2007) (citations omitted). "When addressing whether a private party acted under color of law, a court starts with the presumption that private conduct does not constitute governmental action." *Id.*

While a private party engaged in joint action with the state or its agents may be deemed to act under color of state law, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Lee v. Patel*, 564 F. Supp. 755, 760 (E.D. Va. 1983) (quoting *Dennis v. Sparks,* 449 U.S. 24, 28 (1980)). Plaintiff wholly fails to allege any facts, beyond C. J.'s success in Family Court, which even remotely connect her to a state process. Clearly, Plaintiff's contentions do not support a conclusion that C. J. engaged in state action or conspired with state actors to deprive Plaintiff of his constitutional rights. *Manship v. Trodden*, No. 1:07CV772 (TSE/TCB), 2007 WL 3143559, at *3 (E.D. Va. Oct. 22, 2007), *aff'd*, 273 F. App'x 247 (4th Cir. 2008) (noting that "although [the] plaintiff claims numerous times throughout the course of his amended complaint that these defendants conspired to deprive him of various rights protected by the Constitution, such claims amount to no more than 'naked' assertions of conspiracy insufficient to sustain an action under § 1983.")

Even if Plaintiff could rework his complaint to state a federal question, this Court would not have subject matter jurisdiction over the action. Federal district courts simply do not have original jurisdiction over issues of child custody and domestic relations such as those asserted in this case. *See In Re Burrus*, 136 U.S. 586 (1890); *Barber v. Barber,*

62 U.S. 582, 584 (1858). As the Supreme Court of the United States explained in *Burrus:*

> The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States. As to the right to the control and possession of [a] child, ... it is one in regard to which neither the congress of the United States, nor any authority of the United States, has any special jurisdiction. Whether [one person or another] is entitled to the possession does not depend upon any act of congress, or any treaty of the United States or its constitution.

*Burrus*, 136 U.S. at 593–594. The long-standing "domestic relations exception" to subject matter jurisdiction effectively "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see, also,* Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006) (holding that "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters."); *and Makau v. Meyer*, No. 1:16CV1346, 2017 WL 439518, at *2 (M.D.N.C. Jan. 11, 2017), *report and recommendation adopted,* No. 1:16CV1346, 2017 WL 435808 (M.D.N.C. Feb. 1, 2017), *aff'd,* No. 17-1154, 2017 WL 2703619 (4th Cir. June 22, 2017) (collecting cases). Therefore, for all of the reasons stated above, the undersigned **FINDS** that this Court lacks subject matter jurisdiction over Plaintiff's complaint and related motions requesting custody of his children. Thus, this action should be summarily dismissed.

Finally, to the extent Plaintiff asks this Court to "revisit or rehear" the matters already decided in Family Court, such a request violates the *Rooker-Feldman* doctrine. *Burns v. Montgomery Cty. Child Protective Servs.*, No. CV TDC-16-3273, 2016 WL 6082416, at *2 (D. Md. Oct. 18, 2016) "Under the *Rooker–Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Ins. Co. v. Stillwell,* 336 F.3d 311, 316 (4th Cir. 2003). "The doctrine bars 'lower federal courts from

considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court.' An issue is 'inextricably intertwined' when it 'was not actually decided by the state court but where success on the ... claim depends upon a determination that the state court wrongly decided the issues before it.'" *Burns*, 2016 WL 6082416, at *2 (citations omitted). Given that Plaintiff's purpose in bringing this action is to change domestic and child custody determinations made in the West Virginia courts, the causes of action asserted by Plaintiff are inextricably intertwined with the issues that were before the state courts. Accordingly, the undersigned **FINDS** that the *Rooker-Feldman* doctrine precludes this Court from considering Plaintiff's complaint and related custody motions.

### III. <u>Motion to Seal</u>

Incorporated in the complaint is Plaintiff's motion to seal the record. (ECF No. 3). Plaintiff asserts a single ground in support of the motion; that being, that the proceedings need to be sealed "to preserve the rights of the minor children and Plaintiff." (ECF No. 3 at 22). Although Plaintiff does not explicitly identify the "rights" he wishes to preserve, the undersigned assumes it is a generic right to privacy in domestic and child custody matters.

It is well established that the public has a right to access court records. Courts agree that publicity of judicial records[2] "is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to materials

---

[2] "'Judicial records' are generally defined as 'documents filed with the court [that] play a role in the adjudicative process, or adjudicate substantive rights.'" *Cochran v. Volvo Group North America, LLC,* 2013 WL 784502 (M.D.N.C. Mar. 1, 2013) (quoting *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(d),* 707 F.3d 283, 290 (4th Cir. 2013)).

filed with the court derives from two independent sources: the First Amendment and the common law. *Stone v. University of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir. 1988). The First Amendment right of access provides greater substantive protection to the public, but "has been extended only to particular judicial records and documents." *Id.* at 180-81 (citing *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir. 1988) (documents filed in connection with summary judgment motion in civil case); *In re Washington Post,* 807 F.2d 383, 390 (4th Cir. 1986) (documents filed in connection with plea hearings and sentencing hearings in criminal case)). When a First Amendment right is present, the court may restrict access "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone,* 855 F.2d at 180.

In contrast, the common law presumes a right of access to all judicial records and documents, *id.,* but the presumption may be rebutted "if countervailing interests heavily outweigh the public interests in access." *Rushford,* 846 F.2d at 253. The party seeking restriction of records bears the burden "of showing some significant interest that outweighs the presumption." *Id.* Factors that the court should consider in weighing the competing interests "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ. Co.,* 743 F.2d 231, 235 (4th Cir 1984). "Access to court files may be denied, for instance, '(1) where disclosure may be used to gratify private spite or promote public scandal, (2) where disclosed records may serve as reservoirs of libelous statements for press consumption, or (3) where disclosure might reveal trade secrets [.]'" *Butigan v.*

8

*Mohammed,* No. 113CV00514GBLTCB, 2017 WL 3097772, at *1 (E.D. Va. July 20, 2017) (quoting *Under Seal v. Under Seal*, 326 F.3d 479, 485-86 (4th Cir. 2003)).

When considering a motion to seal, the court "must comply with certain substantive and procedural requirements." *Va. Dept. of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). First, the court must identify the substantive source of the right to access. Next, the court must (1) give the public notice of the motion and a reasonable opportunity to be heard; (2) "consider less drastic alternatives to sealing;" and (3) state specific findings and reasons for a decision to seal documents." *Id.* "The trial court is to exercise its discretion to seal court files 'in light of the relevant facts and circumstances of the particular case.'" *Butigan,* 2017 WL 3097772, at *1 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

In *Butigan,* the district count considered whether reputational and privacy interests were sufficient grounds to justify sealing documents that were clearly presented to the court "to invoke its powers or affect its decisions." *Id.* at *3. Concluding that the parties seeking to seal the records had not provided any real evidence to corroborate their concern that the records would be accessed and used for improper purposes, the court declined to seal the documents, noting that "the decision to overcome the presumption of access is not to be made lightly, and '[t]he public's access to judicial records and documents may only be abrogated in unusual circumstances.'" *Id.* (quoting *Stone*, 855 F.2d at 182); *see also Braude v. Vilnyanskaya*, No. CV ELH-17-364, 2017 WL 2131855, at *3 (D. Md. May 17, 2017) ("The mere fact that records may be controversial, personal, or embarrassing does not alone justify sealing those records from public inspection.") (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

Here, Plaintiff has not provided any factual grounds to support his motion to seal. Although domestic matters are usually afforded privacy in the Family Courts of West Virginia, a review of the complaint reflects multiple instances in which the same or similar information was submitted to Circuit Courts in West Virginia. Plaintiff does not confirm that the Circuit Courts were asked to seal the records in each instance, or that they acquiesced to the request. As such, this Court is unable to determine whether the information Plaintiff currently seeks to seal has been available for public access in the past. Finally, even if there are some documents that warrant sealing, Plaintiff asks to seal the entire proceeding, which is an overly broad request. For these reasons, the undersigned **FINDS** that Plaintiff has failed to state sufficient grounds to merit a wholesale sealing of the record and **RECOMMENDS** that the motion to seal be denied, without prejudice to a supplemental motion setting forth grounds and arguments in support of sealing specific documents included in the record.

### IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the findings herein and **RECOMMENDS** that that Plaintiff's Complaint be **DISMISSED**, with prejudice, for lack of subject matter jurisdiction; the pending application and motions be **DENIED**; and this action be **REMOVED** from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Federal Rules of Civil Procedure 6(d) and 72(b), Plaintiff shall have fourteen days (for filing of objections) plus an additional three days (if received by mail)

from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:** July 28, 2017

Cheryl A. Eifert
United States Magistrate Judge